DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
This is an appeal from a portion of a judgment of the Summit County Court of Common Pleas, entered as a consequence of a bench trial upon issues involving indemnity arising out of a mechanics' lien and the denial of Plaintiff's efforts to "pierce the corporate veil" and hold an officer of the Defendant company liable for the amount due. The trial court favors us with separate findings of fact and conclusions of law.
As a consequence of the failure of its contractor, All Systems Roofing, Inc. ("All Systems"), to pay a subcontractor for material and labor, the subcontractor obtained a mechanics' lien on the property of Plaintiff, Columbia Gas of Ohio, Inc. ("Columbia"). To clear its title, Columbia paid the debt owed by All Systems to the subcontractor, and filed the instant action to gain indemnity for the payout.
After the case was filed against All Systems, Columbia joined the president and majority shareholder of All Systems as a party defendant, and prayed for judgment against him personally. It is the denial of this relief that is the gravamen of this appeal. The trial court refused to pierce the corporate veil and hold Wood liable for the $19,542.83 judgment debt.
Columbia appeals, assigning four errors:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THAT DEFENDANT-APPELLEE, RICHARD WOOD, IS NOT PERSONALLY LIABLE TO PLAINTIFF FOR THE DEBT OF ALL SYSTEMS BECAUSE THE BELEVEDERE
STANDARD WAS NOT MET.
 II. THE TRIAL COURT ERRED IN REQUIRING THAT FRAUD BE A NECESSARY ELEMENT IN ORDER TO PIERCE THE CORPORATE VEIL.
 III. THE TRIAL COURT ERRED BY MISSTATING THE REQUIREMENTS OF CORPORATE VEIL PIERCING, REQUIRING THE PRODUCTION OF EVIDENCE TO PROVE THAT COLUMBIA LOOKED TO WOOD PERSONALLY, OR RELIED UPON HIS CREDIT OR PERSONAL GUARANTEE.
 IV. THE TRIAL COURT ERRED IN FINDING THAT AN INJUSTICE OR INEQUITABLE CONSEQUENCE WOULD NOT RESULT IF THE CORPORATE FICTION WAS MAINTAINED.
All of the errors challenge the law applied by the trial court in its consideration of the issue of Wood's liability.
A cardinal principal of corporate law, and a driving rationale for corporate business operations, is the insulation from personal liability of the officers and shareholders for the general acts of the corporation. Section 3, Article XIII, Ohio Constitution;LeRoux's Billyle Supper Club v. Ma (1991), 77 Ohio App.3d 417,423.
The concept of "piercing the corporate veil" to hold an officer or shareholder liable for the acts and omissions of the corporation is thus an exception to the general rule of insulation from liability.
The polestar common law decision on the question is BelvedereCondominium Unit Owners' Assn. v. R.E. Roark Cos., Inc. (1993),67 Ohio St.3d 274, 289. There Justice Wright, speaking for the court, said:
 "We feel the Sixth Circuit's approach to piercing the corporate veil strikes the correct balance between the principle of limited shareholder liability and the reality that the corporate fiction is sometimes used by shareholders to protect themselves from liability for their own misdeeds. Thus, the corporate form may be disregarded and individual shareholders held liable for corporate misdeeds when (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong."
It is clear that the trial court both considered and applied the standard and rationale of Belvedere. (Findings of Fact and Conclusions of Law. p. 2.)
We conclude that the trial court's findings are supported by some competent, credible evidence, C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, syllabus, and the judgment is not contrary to law, see Belvedere, supra.
The first assignment of error is overruled for the reasons stated above.
The second, third, and fourth assignments of error are overruled for the reason that the separate Findings of Fact and Conclusions of Law do not support the claims of each of these errors.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ JOHN R. MILLIGAN
FOR THE COURT
BAIRD, P. J.
DICKINSON, J.
CONCUR.
(Milligan, J., retired Judge of the Fifth District Court of Appeals, sitting by assignment pursuant to Article IV, § 6(C), Constitution.)